UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                  Case No. 16-20677-10

v                                                 Honorable Thomas L. Ludington

D-10, TERENCE JAEMAR JOHNSON,

        Defendant.

_____/

**ORDER DENYING MOTION FOR RETROACTIVE APPLICATION OF SENTENCING GUIDELINES AND DENYING REQUEST FOR APPOINTMENT OF COUNSEL**

On October 12, 2016, Terence Jaemar Johnson was indicted for one count of conspiracy to possess with intent to distribute and to distribute cocaine and heroin and one count of distribution of heroin. ECF No. 1. On September 11, 2017, Johnson entered a Rule 11 plea agreement. ECF No. 432. On September 12, 2017, Judge Morris held a plea hearing and recommended that Johnson's plea agreement be accepted. ECF No. 440. On September 28, 2017, this Court adopted the recommendation and accepted Johnson's plea agreement. ECF No. 472. On December 21, 2017, he was sentenced for 188 months imprisonment. ECF No. 510.

Johnson now moves for an 18 U.S.C. §3582(c)(2) sentencing reduction pursuant to Amendment 782. ECF No. 561. The amendment revised the guidelines applicable to drug trafficking offenses by changing how the base offense levels in the Drug Quantity Table in 2D1.1 incorporate the statutory mandatory minimum penalties for such offenses. USSG app. C, amend. 782 (Supp.2014).

Amendment 782 has an effective date of November 1, 2014. *Id.* Judgement was entered against Johnson on December 21, 2017. ECF No. 510. Thus, his sentence was imposed pursuant

to the revised guidelines, which were already in effect. Johnson has therefore received any benefit to which he would be entitled under Amendment 782.

Johnson also requests that he be appointed counsel pursuant to 18 U.S.C. §3006(a)(2)(B) which states:

> Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who is seeking relief under section 2241, 2254, or 2255 of title 28.

Johnson is seeking relief under 18 U.S.C. §3582(c)(2), not under sections 2241, 2254, or 2255. Thus, his request for appointment of counsel will be denied.

Accordingly, it is **ORDERED** that the motion for retroactive application of sentencing guidelines, ECF No. 561, is **DENIED**.

Furthermore, it is **ORDERED** that Johnson's request for appointment of counsel is **DENIED**.

Dated: October 31, 2018            s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 31, 2018.

s/Kelly Winslow
KELLY WINSLOW, Case Manager