UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

D-10, TERENCE JAEMAR JOHNSON,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.
_____/

Case No. 16-cr-20677-10
Honorable Thomas L. Ludington
Magistrate Judge Patricia T. Morris

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, DENYING MOTION TO VACATE, DENYING CERTIFICATE OF APPEALABILITY, DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

On April 12, 2017, a First Superseding Indictment charged Petitioner with conspiracy to possess with intent to distribute and to distribute cocaine and heroin in violation of 21 U.S.C. §846 and 841(a)(1)(Count 1) and with distribution of heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C)(Count 17). ECF No. 183. A superseding information was filed on September 11, 2017, charging Petitioner with conspiracy to possess with intent to distribute and to distribute cocaine and heroin in violation of 21 U.S.C. §846 and 841(a)(1). ECF No. 425. On September 11, 2017, Petitioner pleaded guilty to Count 1 of the information, pursuant to a Rule 11 plea agreement. ECF No. 449. On December 21, 2017, a judgment was entered committing Petitioner to the Bureau of Prisons for 188 months. ECF No. 510. Petitioner did not appeal his conviction or sentence.

On December 18, 2018, Petitioner filed a motion to vacate his sentence under 28 U.S.C. 2255. ECF No. 620. The motion was referred to Magistrate Judge Morris and on February 22, 2019, she recommended that Petitioner's motion be denied. ECF No. 645.

**I.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*.

II.

Petitioner raises three objections to the report and recommendation, which will be addressed in turn.

A.

Petitioner's first objection is that the crime of "delivery" under MCL 333.7401 is overbroad. Judge Morris's report provides "[t]he Sixth Circuit has held that the same Michigan statutory section is not overbroad and is divisible such that convictions under this statute may properly be considered controlled substance offenses for purposes of enhancement under the career offender sentencing guidelines." ECF No. 645 at PageID.4972. Judge Morris's conclusions are supported by *U.S. v. House* in which the Sixth Circuit determined that

> [W]e have already addressed Mich. Comp. Laws § 333.7401's divisibility in *United States v. Tibbs*…Although unpublished, we find its reasoning persuasive and therefore adopt its conclusion that Michigan's controlled-substance statute is divisible…
>
> Section 333.7401 enumerates several alternative crimes: "manufactur[ing], creat[ing], deliver[ing], or possess[ing] with intent to manufacture, create, or deliver a controlled substance." The generic controlled-substance definition, taken from U.S.S.G. §4B1.2(b), likewise "prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance…or the possession of a controlled substance…with intent to manufacture, import, export, distribute or dispense." The alternative crime in question from Michigan's controlled-substance law—possession with intent to deliver—fits both the Sentencing Guidelines' generic offense—possession with intent to distribute or dispense—and House's charge from his indictment.

*U.S. v. House* 872 F.3d 748, 753–754 (6th Cir. 2017) (citations omitted). Though the defendant in *House* was charged with "intent to distribute" and Petitioner was charged with "delivery," Petitioner has not explained how the term "delivery" from Section 333.7401 can be considered overbroad in the context of *House*. In fact, the Sixth Circuit has held that the term "deliver" under

- 3 -

Section 333.7401 falls within the meaning of "distribute" in §4B1.2(b). *See United States v. Solomon*, 592 Fed. Appx. 359, 361 (6th Cir. 2014). Petitioner's objection will be overruled.

**B.**

In Petitioner's second objection, he takes issue with Judge Morris's reliance upon *Tibbs*, arguing that *Tibbs* was "wrongly decided" and "is [a]n '**unpublished decision**,' and is therefore, **NOT** binding on this Court." ECF No. 663 at PageID.5061 (emphasis in original). However, Petitioner's contention is belied by a published Sixth Circuit case in which the court determined that "[a]lthough unpublished, we find [*Tibbs*'s] reasoning persuasive and therefore adopt its conclusion that Michigan's controlled-substance statute is divisible." *U.S. v. House* 872 F.3d 748, 753 (6th Cir. 2017). This affirmance by the Sixth Circuit provides adequate support for the propositions in *Tibbs*. Petitioner's objection will be overruled.

**C.**

Petitioner's third and final objection is related to his first two objections. He claims that the performance of his counsel, Ebony Ellis, "fell below a[n] objective standard of reasonableness." ECF No. 663 at PageID.5063. He contends that Ms. Ellis should have made the argument that he presents in his first objection, specifically that MCL 333.7401 is overbroad. However, as explained above, this argument is without merit. Accordingly, Ms. Ellis cannot be faulted for not making the argument. *See Wilson-Simmons v. Lake County Sheriff's Dep't*, 207 F.3d 818, 824 (6th Cir. 2000)("An attorney's ethical obligation of zealous advocacy on behalf of his or her client does not amount to *carte blanche* to burden the federal courts by pursuing claims that are frivolous on the merits." (internal quotation marks omitted)).

**III.**

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must be issued. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted. Petitioner will not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

## V.

Accordingly, it is **ORDERED** that Petitioner's objections to the report and recommendation, ECF No. 663, are **OVERRULED**.

It is further is **ORDERED** that Judge Morris' Report and Recommendation, ECF No. 645, is **ADOPTED**.

It is further **ORDERED** that Petitioner's motion to vacate, ECF No. 620, is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.

Dated: August 14, 2019
s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Terence Jaemar Johnson** #55140-039, GILMER FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 6000, GLENVILLE, WV 26351 by first class U.S. mail on August 14, 2019.

s/Kelly Winslow
KELLY WINSLOW, Case Manager