UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                        Case No. 1:16-cr-20677-10

v.                                            Honorable Thomas L. Ludington
                                                  United States District Judge

TERENCE JAEMAR JOHNSON,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION**

This matter is before this Court on Defendant's Motion for a Sentence Reduction. ECF No. 841. For reasons explained hereafter, Defendant's Motion will be denied.

**I.**

In September 2017, Defendant Terence Jaemar Johnson pleaded guilty to one count of conspiracy to possess with intent to distribute and to distribute cocaine and heroin, 21 U.S.C. §§ 841(a)(1), 846. ECF No. 432. Based on two prior offenses, Defendant was deemed a career offender for sentencing purposes. *Id.* at PageID.2358 (citing USSG § 4B1.1). He was sentenced to 188 months' imprisonment and four years' supervised release. ECF No. 510.

In January 2022, Defendant filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(B). ECF No. 841. In contrast to § 3582(c)(1)(A), which allows a sentencing court to reduce a sentence based on "extraordinarily and compelling reasons," § 3582(c)(1)(B) allows a sentencing court to reduce a sentence if "expressly permitted by statute." *See* 18 U.S.C. § 3582(c)(1)(A)–(B). Defendant argues that his sentence should be reduced under the First Step Act

of 2018 because his prior offenses no longer support a career-offender enhancement. ECF No. 841 at PageID.6933–34. His Motion has been fully briefed by the parties. *See* ECF Nos. 858; 861.

## II.

Defendant seeks to reduce his sentence under § 401 of the First Step Act, which "narrow[ed] the scope of prior drug convictions that trigger a higher sentence." *United States v. Richardson*, 948 F.3d 733, 749 (6th Cir. 2020). Emphasizing § 401's modifications to the term "serious drug offense," Defendant argues that his prior offenses no longer support a career-offender enhancement. *See* ECF No. 841 at PageID.6933–34.

Defendant's argument is unpersuasive for two reasons. First, "the First Step Act is largely forward-looking and not retroactive, applying only if 'a sentence for the offense has not been imposed as of [the] date of enactment.'" *United States v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019) (quoting First Step Act, Pub. L. 115-391, 132 Stat. 5194, § 404(c) (2018)). Because Defendant was sentenced on December 21, 2017—exactly one year before the First Step Act's enactment—he does not qualify for relief under § 401. *See id.* (holding that § 401 did not apply to defendant who was sentenced for underlying offense on September 19, 2018).

Second, "the First Step Act did not affect the definition of offenses that qualify for career offender status under U.S.S.G. § 4B1.1." *Id.* at 420. For Defendant to qualify as a career offender at sentencing, (1) he must have been at least 18 at the time he committed the underlying offense, (2) the underlying offense must have been a felony and either a "crime of violence" or a "controlled substance offense," and (3) he must have had "at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a). A "controlled substance offense" is defined as an offense "punishable by imprisonment for a term exceeding one year" that "prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance

(or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." *Id.* § 4B1.2(b).

Defendant does not deny that he was at least 18 when he committed the underlying offense. *See generally* ECF No. 841. Nor does he deny that the underlying offense—conspiracy to possess and distribute cocaine and heroin—qualifies as a controlled-substance offense. *Id.* Instead, he claims that his two prior offenses for manufacturing cocaine do not qualify as controlled-substance offenses, because he served less than "a year and a day" in custody for them. ECF No. 841 at PageID.6934.

But, as the Government notes, the definition of "controlled substance offense" requires only that the offense be "*punishable* by imprisonment for a term exceeding one year." USSG § 4B1.2(b) (emphasis added). It does not require that the offender be *punished* by imprisonment for more than one year. Thus, an offense may qualify as a controlled-substance offense even if the offender serves less one year of imprisonment. *See* USSG 4B1.2 comment. (n.1) (noting that a prior conviction can qualify as a "prior felony conviction" "regardless of the actual sentence imposed"). Because Defendant's prior offenses were punishable by imprisonment for more than one year, *see* MICH. COMP LAWS § 333.7401, they qualify as controlled-substance offenses.

For these reasons, Defendant's Motion will be denied.

### III.

Accordingly, it is **ORDERED** that Defendant's Motion for Sentence Reduction, ECF No. 841, is **DENIED**.

Dated: April 11, 2022                           s/Thomas L. Ludington
                                                THOMAS L. LUDINGTON
                                                United States District Judge